LEMMA, Respondent, vs. BLANDING, Appellant.

*March 31—April 20, 1909.*

*Appeal and error: Review: Findings, when disturbed: Evidence: Doc-*
*umentary evidence: Books of account: Time of making entries:*
*Partnership contracts: Construction: Accounting: Interest: Af-*
*firmance or reversal: Correction of errors.*

1. Where the correctness of an account between the parties as stated
by the referee and lower court is sustained by the evidence, it
will not be disturbed on appeal.
2. The making of entries in books of account whenever reported as
paid or received is a substantial compliance with the rule that
they should be made at the time of the transaction to make the
books competent evidence.
3. In a contract by which one partner agreed to secure logs at a cost
not exceeding $7 per thousand and to manufacture and pile the
lumber at an additional cost of not more than $4 per thousand,
said amounts were not mere estimates, but the partner assumed
thereby an obligation to furnish the lumber in pile at a cost not
exceeding $11 per thousand and to pay personally any excess
over such cost.
4. When statements and accounts of a partnership upon which the
partnership had to be closed and settled are in one partner's
possession, and at no time was the other partner informed of
the actual amount due from him, except under special circum-
stances interest is not to be allowed on the amount so due prior
to the commencement of the action for an accounting.
5. Error based on mere computation of interest can be corrected by
the supreme court, and the judgment, modified so as to correct
the error, will be affirmed.

APPEAL from a judgment of the circuit court for Polk
county: A. J. VINJE, Circuit Judge.    *Modified and affirmed.*

For the appellant there was a brief by *Kennedy & Yates,*
and oral argument by *W. T. Kennedy.*

For the respondent there was a brief by *Clarence C. Coe &*
*Arthur E. Coe,* and oral argument by *Clarence C. Coe.*

SIEBECKER, J.    This is an action for an accounting,
growing out of an agreement in writing which provided

for acquiring a stock of oak logs and timber, manufacturing them into lumber, paying therefor, selling the lumber, and dividing the profits. Plaintiff agreed to advance money for the purchase of the logs and for paying for the work of sawing and piling the lumber in the yard of the defendant. The logs were not to cost more than $7 per M feet. The defendant agreed to give his time and attention free of charge, to look after the buying and scaling of the logs and timber, and to arrange for sawing and piling the lumber, all at a cost of not to exceed $4 per M feet, the total cost of the lumber in the pile not to exceed $11 per M feet. Plaintiff agreed to furnish money without interest for the purposes above specified and also the money to procure insurance, to pay the taxes, and to pay for hauling the lumber to the track during the following winter. He also agreed to market the lumber to the best advantage and to collect all the money to become due therefor, and, after deducting the sums advanced by him, to divide the balance equally between the parties.

It is averred that the defendant furnished the plaintiff 177,539 feet of lumber for selling; that plaintiff furnished $5,074.28 for material and expenses; that the receipts from the sale of the lumber have not been sufficient to reimburse plaintiff for his expenditures; and that defendant refuses to render an account of the transaction. The defendant claims that he has furnished the plaintiff with 290,000 feet of lumber under the contract, that the value thereof is in excess of any expenditures made by the plaintiff, and that he has advanced $400 more for making purchases of logs than he has received from the plaintiff.

The established facts are that the defendant kept no books of account and that he carried on other lumber transactions at the same time he was performing his contract with the plaintiff. Evidence was introduced in his behalf that the lumber belonging to these different deals was kept separate, and that, when the piling had been completed, estimates made

by him and a scaler employed by him showed over 280,000 feet of lumber as having been acquired, sawed, and piled by him under his agreement with the plaintiff. He testified that this lumber had all been turned over to the plaintiff except about 6,000 feet of mill culls that had been seized and sold for taxes; that plaintiff had hauled a large quantity away by wagon and had not loaded it upon cars to be shipped and sold; and that he had expended for the purchase of logs more than the amount of money he had received from the plaintiff.

The money received by the defendant from the plaintiff, as well as money received by the defendant in connection with another transaction, was placed in the hands of a merchant and paid out by him on orders from the defendant. These different sums of money were not separated or kept distinct by the defendant. Plaintiff purchased and paid for directly 3,988 feet of logs. The books and papers of the plaintiff, which were introduced in evidence, showed that the plaintiff had advanced under the contract a total of $5,074.28, and that he had shipped and sold 182,153 feet of lumber.

The referee made the records furnished by the plaintiff the basis of his report. He allowed the defendant $11 per M feet on the amount of lumber sold by the plaintiff, less the 3,988 feet which plaintiff had paid for directly, and credited plaintiff with the amounts advanced for the purchase of logs by the defendant, the amounts paid out for scaling, sawing, and piling, the amounts paid for hauling, shipping, etc., subsequent to the piling, and the amount paid directly by him for logs. The 6,000 feet of culls which were sold for taxes were not considered in the referee's account. The report allowed the plaintiff as his share of the profits one half of the difference between the amount received by him from sales and the sum obtained by adding the cost of hauling, shipping, etc., subsequent to the piling, to the amount obtained by multiplying the number of thousands of feet credited to defendant against the plaintiff by $11, the contract price per M feet in the pile.

The court modified the report of the referee by crediting defendant with 6,000 feet of lumber, evidently the amount seized and sold for taxes. An examination of the record confirms the correctness of the account as stated by the court. The claim that the plaintiff received from the defendant more than 188,153 feet of lumber as found by the court is not borne out by the evidence. True, there is some evidence indicating that defendant delivered more than this amount of lumber to the plaintiff, but this is explained by the inclusion of unmarketable culls, indefiniteness as to the quantity delivered, and the definiteness of the quantity actually shown by the sales, which was based on competent and credible evidence. Under these circumstances we cannot disturb the conclusion of the court and referee on this issue. The facts and circumstances fully sustain the finding, and a detailed statement of the evidence is not necessary here.

An exception is urged to the reception of plaintiff's account books in evidence. The entries were shown to have been made under circumstances that made them evidence of their contents. The fact that the entries were made whenever reported as paid or received is substantial compliance with the requirements for making them competent evidence. Nor is there anything before the court of any substantial nature showing inaccuracies or errors in the book entries. The plaintiff laid a sufficient foundation to have the books received in evidence.

It is contended that the court erred in construing the contract of the parties to the effect that the defendant undertook the purchase of logs, the scaling of the timber, and to saw and pile the lumber at the cost of not to exceed $11 per M feet. The contract specified in one article that the plaintiff was to furnish what money would be required to purchase the "oak timber and logs at a cost not to exceed $7 per M feet," and in another article that the defendant was to do the buying, scaling, and arrange for sawing and piling the lumber "at a cost not to exceed $4 per M feet," and that the "total cost of lumber in pile not to exceed $11 per M feet." It is evident

from these provisions that defendant undertook to secure the logs and timber at a cost not exceeding $7 per M feet and to manufacture and pile the lumber at an additional cost of not more than $4 per M feet. From this it results, as the court held, that he assumed to furnish the lumber in pile in the yard at a cost of not more than $11 per M feet. If, then, the cost exceeded this sum, defendant personally assumed to pay the excess. This amounts to an assumption by him of this obligation, and precludes interpreting the contract to the effect that these stipulated amounts of cost were only estimates, and left the actual cost, if above these amounts, to be borne by both parties.

We find no support in the evidence for the claim that the parties subsequently modified the agreement to the effect that the plaintiff was to share payment of the cost above the stipulated price. The contract thus made and existing between the parties negatives any claim that the defendant had a right to be credited or reimbursed the $400 he furnished for the purchase and manufacture of this lumber. This item was properly excluded from the account stated under the contract.

The court charged the defendant with interest on the sum found due the plaintiff from the defendant on this transaction from May 1, 1901. The provision regarding interest is somewhat obscure. It is that the plaintiff "makes no charge of interest." Whether this referred to the final settlement or to the time when the lumber had been marketed by the plaintiff is not clear. We find, however, that the statements and accounts upon which the transaction had to be closed and settled were in plaintiff's possession, and that at no time was the defendant informed of them or in possession of information of the actual amount due from him to the plaintiff. Under these circumstances "the true rule that, except in special circumstances, interest is not to be allowed upon partnership accounts as between partners until the final bal-

Lundberg v. Eastern R. Co. 139 Wis. 161.

ance is stated, in the absence of an agreement between the parties to the contrary," is applicable. There is nothing shown by the evidence to take the case out of this rule. *Hart v. Hart,* 117 Wis. 639, and cases cited at page 663 (94 N. W. 890). Plaintiff should be allowed interest on the amount found due from the date of the commencement of the action to the date of the judgment. Since the error is one based on the computation of interest, it can be corrected by this court and the judgment be so modified as to correct the error.

*By the Court.*—The judgment awarding recovery in the sum of $1,950.09 is modified by reducing the interest to be recovered to $216.08. This, when added to the principal, amounts to $1,610.17, for which judgment is awarded. As so modified the judgment is affirmed, appellant to recover costs on this appeal.